# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 9, 2012

## CHRISTOPHER TERRELL ROBINSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 17261   Lee Russell, Judge**

**No.  M2012-00781-CCA-R3-PC - Filed December 4, 2012**

Petitioner, Christopher Terrell Robinson, was found guilty by a Bedford County jury of violating the Habitual Motor Vehicle Offender ("HMVO") Act, evading arrest, and violating the light law.  In a separate case, Petitioner pled guilty to felony failure to appear.  The trial court sentenced Petitioner to an effective sentence of twelve years, to be served as a Career Offender at 60 percent.  Petitioner's convictions and sentence were upheld on direct appeal. *See State v. Christopher Terrell Robinson*, No. M2010-01183-CCA-R3-CD, 2011 WL 1671809, at *1 (Tenn. Crim. App., at Nashville, Apr. 29, 2011), *perm. app. denied*, (Tenn. Jul. 13, 2011).  Subsequently, Petitioner sought post-conviction relief on the basis of ineffective assistance of counsel.  The petition was dismissed after an evidentiary hearing. Petitioner appeals the dismissal of the petition for post-conviction relief.  After a review of the record, we affirm the post-conviction court's denial of post-conviction relief because Petitioner has failed to show by clear and convincing evidence that he is entitled to post-conviction relief.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Kristin B. Green, Shelbyville, Tennessee, for the appellant, Christopher Terrell Robinson.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Charles Crawford, District Attorney General, and Richard Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

The underlying convictions arose after Petitioner was stopped for failing to activate his headlights. This Court summarized the facts on direct appeal as follows:

Darrell Birdsong, an officer with the Shelbyville Police Department, testified that on May 23, 2008, he was working the night shift as a patrolman when he observed a vehicle traveling toward him without any headlights activated at around 10:53 p.m. The officer flashed his own headlights at the driver, attempting to get the driver to illuminate his headlights, but the driver never turned on his lights. The officer activated his emergency blue lights to initiate a stop of this vehicle, and the driver did not "act like [he] wanted to stop." The officer blocked the path of the vehicle, and the vehicle came to a stop.

The officer testified that, once the car was stopped, the driver "immediately jumped" out of the car. The officer activated the video camera in his patrol car and ordered the driver, whom he identified as [Petitioner], to get back into [Petitioner's] vehicle. After noting that a passenger was in [Petitioner's] car, the officer asked [Petitioner] for his driver's license, and [Petitioner] told the officer it was at his house, which was located nearby. The officer asked [Petitioner] to come toward the officer's car to discuss the matter, and [Petitioner] began running in the opposite direction. The officer said he chased [Petitioner] for approximately three minutes, during which he radioed the police dispatcher to enlist assistance. [Petitioner] ultimately eluded the officer, who then returned to [Petitioner's] car and spoke with [Petitioner's] passenger, who identified [Petitioner] only as "Chris."

*Id.* at *1-2. Authorities later discovered Petitioner's identity and that Petitioner had been declared an HMVO. *Id.* Petitioner was eventually arrested several days later when he was found hiding in a closet in a trailer. *Id.* After hearing this evidence, a Bedford County jury convicted Petitioner of violating the HMVO Act, evading arrest, and a violation of the light law. *Id.* at *3.

After being convicted by the jury, Petitioner entered a guilty plea to the charge of felony failure to appear for failing to appear in General Sessions Court at a scheduled hearing on the charges for which he was convicted at trial. *Id.* The trial court sentenced Petitioner in a joint sentencing hearing for both cases as a Career Offender to a twelve-year sentence to be served at 60 percent. *Id.*

Petitioner initiated a direct appeal of his convictions and sentence. *Id.* at *1. This Court determined that the evidence was sufficient to support the finding that Petitioner violated the HMVO Act despite the apparent absence of the HMVO order in evidence. The opinion on direct appeal states that, "[i]t appears from the record that the order was entered as an attachment to [Petitioner's] warrant for failing to appear in General Sessions Court to respond to the charges in this case." *Id.* at *3 n.1. This Court determined that the evidence was sufficient to support the finding that Petitioner was violating an HMVO order based on the testimony of the arresting officer and the fact that Petitioner did not object to the testimony but cautioned that the better practice would have been for the State to introduce a certified copy of the order into evidence at trial. *Id.* at *4. This Court also upheld Petitioner's sentence. *Id.* at *6.

Subsequently, Petitioner filed a pro se petition for post-conviction relief. In the petition, ineffective assistance of counsel was raised by Petitioner. Specifically, Petitioner claimed that he received ineffective assistance of counsel when counsel failed to object to Officer Birdsong's testimony establishing Petitioner to be in violation of an HMVO order when there was no order entered into evidence.

The post-conviction court held a hearing on the petition. At the hearing, trial counsel testified that he was appointed to represent Petitioner in Circuit Court. He recalled that he requested discovery from the State and testified that it was his normal practice to share discovery production with his client. Trial counsel recalled that there was actually a stipulation entered into at trial with regard to Petitioner's status as an HMVO. Specifically, he stated:

> I didn't object to [Officer Birdsong's testimony] because we had a stipulation with the Assistant DA to stipulate the fact in and the order in that [Petitioner] had been declared a Habitual Motor Offender. Also, I had discussed that with [Petitioner] prior to trial and [Petitioner] admitted that he was Habitual Motor Offender - or had been declared an Habitual Motor Offender.

A portion of the trial transcript was admitted as an exhibit to trial counsel's testimony at the hearing on the petition for post-conviction relief. This excerpt contains a stipulation by the parties that Petitioner was an HMVO and admission of the HMVO order as an exhibit. Trial counsel testified that it is his standard practice to stipulate as to a client's HMVO status when the client admits to the status. In discussions with Petitioner prior to trial, Petitioner had admitted that he was an HMVO.

Another attorney from the Public Defender's office assisted trial counsel and confirmed that the defense entered into a stipulation at trial as to the HMVO status and did

not object to the testimony of Officer Birdsong. Co-counsel explained that the stipulation was entered into in order to avoid calling the county clerk as a witness to prove a defendant's HMVO status. Co-counsel recalled that Petitioner represented himself at the preliminary hearing phase of the case and actually admitted to driving the car at the hearing.

The post-conviction court entered an order denying the petition. In the order, the court determined that Petitioner presented proof on two issues at the hearing: (1) whether trial counsel was ineffective for failing to object to Officer Birdsong's testimony about Petitioner's HMVO status; and (2) whether trial counsel was ineffective for stipulating as to Petitioner's HMVO status. The post-conviction court noted that there was "confusion" surrounding Petitioner's HMVO status because counsel "on appeal raised the issue that the status had not been proven at trial." The post-conviction court attributed this to the fact that "the attorney on appeal did not realize that the parties had a stipulation about the [HMVO] status because the court reporter at trial had mistakenly failed to include the stipulation in the trial record." The post-conviction court found that Petitioner's status as an HMVO was "indisputable" and the only issue was whether it was ineffective assistance of counsel for counsel to enter into the stipulation at trial. The post-conviction court pointed to the stipulation, the actual order declaring Petitioner an HMVO, and a motion to dismiss in Petitioner's own handwriting wherein Petitioner admitted that he was "declared an Habitual Motor Offender on January 7, 1999." As a result of all of the proof of Petitioner's status, the post-conviction court stated that there was "absolutely no reason whatsoever for defense counsel to refuse to enter into the stipulation" and thus trial counsel was not ineffective.

Petitioner raised an additional issue at the hearing that was not included in the petition for post-conviction relief.[1] Petitioner asserted that it was ineffective assistance of counsel when counsel argued the motion for new trial without Petitioner's presence in the court room. The post-conviction court found that there was not evidence that Petitioner "was not present" at the hearing and even if Petitioner was not present, there was no proof that the outcome would have been any different. As a result of the findings, the post-conviction court dismissed the petition.

Petitioner filed a timely notice of appeal.

---

[1]This issue was abandoned on appeal.

*Analysis*

*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

-5-

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The evidence does not preponderate against the judgment of the post-conviction court. Trial counsel and co-counsel both testified that it was standard practice to stipulate a defendant's HMVO status if the client admits to the status. Petitioner had admitted being declared an HMVO; was given a copy of the order provided in discovery; and, according to the uncontradicted testimony of his attorneys, had discussed the stipulation. Further, Petitioner has failed to show prejudice as a result of the stipulation. He offered no testimony at the hearing on the petition that showed he was prejudiced in any way by trial counsels's actions.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE